OPINION
{¶ 1} Defendant-Appellant, Robert H. Dues, appeals a judgment of the Shelby County Court of Common Pleas, granting judgment in favor of Plaintiff-Appellee, Minster Farmers Cooperative Exchange Company, Inc. ("Minster Farmers"). On appeal, Dues asserts several errors relating to the trial court's finding that he was a merchant, the trial court's finding that the transaction involved goods, the trial court's finding that Minster Farmers could charge an interest rate above the statutory interest rate and the trial court's finding that Minster Farmers could compound interest. Additionally, Dues asserts that the trial court erred in failing to address his affirmative defense and other issues raised in his trial brief. Finding that the trial court properly determined that a contract existed between the parties, but erred in determining the terms of that contract, the judgment of the trial court is affirmed in part and reversed in part.
 {¶ 2} In August of 1982, Dues acquired one share of common stock in Minster Farmers, which is a commercial farm elevator. Since acquiring his one share in 1982, Dues has maintained a commercial account with Minster Farmers, purchasing feed, fuel and other miscellaneous farm supplies. Each month, Minster Farmers sent Dues a monthly statement showing what he had purchased. Dues does not dispute that he purchased the various items stated on the account. Additionally, the monthly statement stated that a finance charge would be assessed on unpaid balances.
 {¶ 3} In January of 1998, Minster Farmers increased its finance charges from one and one half a percent to two percent per month. While Minster Farmers claims that it had sent a letter informing its customers of these changes, Dues denies receiving a copy of that letter. Nevertheless, Dues admits that each monthly statement included the following statement regarding finance charges: "2% FINANCE CHARGE PER MONTH AFTER 30 DAYS. (24% ANNUAL)."
 {¶ 4} Over the years, Dues made payments on his account; however, in 2002, Dues stopped making regular payments on his Minster Farmers account. No payments have been made on the account since July 2002.
 {¶ 5} In February of 2005, Minster Farmers filed a complaint against Dues seeking thirty-seven thousand eight hundred thirty-seven dollars and fifty-eight cents for the unpaid balance on his account. Subsequently, Dues filed his answer pro se. In July of 2005, a bench trial was held on Minster Farmers' complaint, with Dues representing himself.
 {¶ 6} In October of 2005, in a written judgment entry, the trial court found in Minster Farmers favor. Specifically, the trial court found that Dues' account with Minster Farmers was a transaction for goods between merchants pursuant to R.C.1302.01(A)(5). Therefore, the trial court found that Ohio's version of the Uniform Commercial Code ("U.C.C.") governed those transactions. Finding that the finance terms of two percent per month on any unpaid balance, which was found on the monthly statements, constituted a contract, to which Dues had never objected, and that R.C. 1343.03(A)(1) was inapplicable to the instance transaction, the trial court awarded judgment in favor of Minster Farmers in the sum of forty thousand nine hundred and ninety dollars.
 {¶ 7} It is from this judgment Dues appeals, presenting the following assignments of error for our review.
 Assignment of Error No. I The Trial Court erred when it awarded Judgment in favor of thePlaintiff/Appellee in the sum of $40,990.00.
 Assignment of Error No. II The Trial Court erred when it found Plaintff/Appellee entitledas of April 30, 2005, to a finance charge of two percent, permonth thereafter to the date of this judgment.
 Assignment of Error No. III The Trial Court erred when it allowed Plaintiff/Appellee tocompound interest.
 Assignment of Error No. IV The Trial Court erred when it held that Defendant/Appellantwas held to pay the two percent per month finance chargeprovision on the amounts not paid by the end of the followingmonth.
 Assignment of Error No. V The Trial Court erred when it found the Third AppellateDistrict case of Champaign Landmark v. Dean McCullough,3rd Appellate District, 1990 Ohio App.Lexus 5279 (sic.) to beapplicable.
 Assignment of Error No. VI The Trial Court erred when it found that theDefendant/Appellant clearly knew and understood how the financecharges worked on his account.
 Assignment of Error No. VII The Trial Court erred when it found that there was a contractbetween the Plaintiff/Appellee and the Defendant/Appellantregarding the financed charges.
 Assignment of Error No. VIII The Trial Court erred when it ignored Defendant/Appellants'(sic.) affirmative defense being the Plaintiff/Appellee's (sic.)use of the U.S. Mail to collect the compounding interest.
 Assignment of Error No. IX The Trial Court erred when it found that none of theexceptions in R.C. 1301.10 are applicable to the instant case.
 Assignment of Error No. X The Trial Court erred when it found that R.C. 1301.10 isapplicable to this analysis.
 Assignment of Error No. XI The Trial Court erred when it held that transactions betweenthe Defendant/Appellant and Plaintiff/Appellee were for "goods".
 Assignment of Error No. XII The Trial Court erred when it determined that the farmsupplies purchased are "goods" pursuant to Ohio Revised Code1302.01(A)(8).
 Assignment of Error No. XIII The Trial Court erred when it denied Defendant/Appellant's(sic.) reliance on R.C. Section 1343.03(A)(1).
 Assignment of Error No. XIV The Trial Court erred when it found Defendant/Appellant to bea "merchant", (sic.) as pursuant to R.C. 1302.01(A)(7).
 Assignment of Error No. XV The Trial Court erred when it found Defendant/Appellant to bea "merchant", (sic.) as pursuant to R.C. 1302.01(A)(5).
 Assignment of Error No. XVI The Trial Court erred when it ignored or otherwise failed toaddress any of the Defendant/Appellant's (sic.) issues raised inthe BREIF OF DEFENDANT.
 {¶ 8} Due to the nature of the assignments of error, we elect to address them out of order.
 Assignments of Error Nos. XI XII {¶ 9} In the eleventh and twelfth assignments of error, Dues asserts that the trial court erred in finding that the transactions between Minster Farmers and Dues were for goods. Because these assignments of error are interrelated, we will address them together.
 {¶ 10} R.C. 1302.01(A) (8) provides the following definition of goods
 * * * means all things (including specially manufacturedgoods) which are movable at the time of identification to thecontract for sale other than the money in which the price is tobe paid, investment securities, and things in action. `Goods'also includes * * * growing crops * * *.
 {¶ 11} Based upon the above definition, it is clear that Minster Farmers sale of feed, fertilizer, fuel and other farm supplies fall within the definition of goods. Thus, the trial court did not err in finding that the transactions between Minster Farmers and Dues were for goods. Accordingly, the eleventh and twelfth assignments of error are overruled.
 Assignments of Error Nos. XIV XV {¶ 12} In the fourteenth and fifteenth assignments of error, Dues asserts that the trial court erred in finding Dues was a "merchant" pursuant to R.C. 1302.01(A)(7) and R.C. 1302.01(A)(5). Because these assignments of error are interrelated, we will address them together.
 {¶ 13} Dues is clearly a merchant under the definition section of the sales provisions of Ohio's U.C.C.R.C.1302.01(A)(5) (A)(7) provide in pertinent part as follows:
`Merchant' means a person who deals in goods of the kind orotherwise by the person's occupation holds the person out ashaving knowledge or skill peculiar to the practices or goodsinvolved in the transaction or to whom such knowledge or skillmay be attributed by the person's employment of an agent orbroker or other intermediary who by the agent's, broker's, orother intermediary's occupation holds the person out as havingsuch knowledge or skill.
* * *
`Between merchants' means in any transaction with respect towhich both parties are chargeable with the knowledge or skill ofmerchants.
 {¶ 14} A farmer, such as Dues, with over twenty years of experience in the farming industry and whose sole and primary income source was farming, is "chargeable with the knowledge or skill of merchants" referred to in R.C. 1302.01(A)(7). It is well accepted that farmers, such as Dues, are merchants under the terms provided in R.C. 1302.01(A)(5) and (A)(7). Farmers Comm.Co. v. Burks (1998), 130 Ohio App.3d 158, 164; Burkhart v.Marshall (1989), 63 Ohio App.3d 281. Thus, the trial court did not err in finding that Dues was a merchant under R.C.1302.01(A)(5) (A)(7).
 {¶ 15} Accordingly, the fourteenth and fifteenth assignments of error are overruled.
 Assignments of Error Nos. I, II, III, IV, V, VI, VII, IX, X, XIII {¶ 16} In the first and third assignments of error, Dues asserts that the trial court erred in awarding judgment in favor of Minster Farmers, based upon Minster Farmers compounding of interest charges. In the second and fourth assignments of error, Dues asserts that the trial court erred in finding that Minster Farmers was entitled to a finance charge of two percent per month. In the fifth assignment of error, Dues asserts that the trial court erred in following Champaign Landmark v. DeanMcCullough (Nov. 27, 1990), 3d Dist. No. 6-89-17. In the sixth assignment of error, Dues asserts that the trial court erred in finding that Dues understood how the finance charges were computed. In the seventh assignment of error, Dues asserts that the trial court erred in finding that there was a contract between Minster Farmers and Dues. In the ninth and tenth assignments of error, Dues asserts that the trial court erred in finding that R.C. 1301.10 was applicable and that the exceptions of R.C. 1301.10 were inapplicable in this case. In the thirteenth assignment of error, Dues asserts that the trial court erred in finding that R.C. 1343.03(A)(1) was inapplicable in this case. Because all of these assignments of error are interrelated, we will address them together.
 {¶ 17} In the above assignments of error, Dues contends that the trial court erred in granting judgment in favor of Minster Farmers, based upon the amount of interest and the compounding manner in which such interest is being computed. Essentially, Dues asserts the trial court erred in applying the U.C.C and granting judgment for an interest rate over the statutory interest rate of ten percent pursuant to R.C. 1343.03. Furthermore, Dues argues that the trial court erred in allowing the judgment amount to include interest that was computed in a compounding manner.
 {¶ 18} Based upon the above, it is clear that the parties are merchants pursuant to R.C. 1302.01(A)(5). This Court has previously held that finance charges on a monthly statement between merchants constitute a contract between the parties.Hamilton Farm Bureau Cooperative v. Ridgway Hatcheries, 3d Dist. No. 9-03-45, 2004-Ohio-809, ¶ 18. In Hamilton, the plaintiff sought recovery of approximately seventeen thousand dollars for an unpaid account balance, where the defendant was objecting to finance charges. Id. at ¶¶ 1-7. Additionally, both parties were merchants, and the defendant had written a letter objecting to the plaintiff's interest being charges. Id. at ¶¶ 4, 15. In Hamilton, applying the U.C.C., this Court held the following:
In the case sub judice, Ridgway Hatcheries continued to pay onthe monthly statements, at least as to the principal, andcontinued to order goods from Hamilton Farm despite the inclusionof the added term for finance charges. Ridgway Hatcheries failedto make any objections as to the term for finance charges untilapproximately a year after the term appeared on the monthlystatements, and then only objected after receiving writtencorrespondence from Hamilton Farm attempting to recover thebalance due on the account. Such inaction by Ridgway Hatcheriesconstitutes an acceptance of the added term of finance charges tothe contract between the parties and also constitutes anagreement between the parties as to the amount of the accountstated. Ridgway Hatcheries was under a duty to examine itsmonthly statements for incorrect accounting and its lack eitherto do so or to object to such is acquiescence on the part ofRidgway Hatcheries to the new terms of the contract.
Id. at ¶ 18. Having found that a contract existed based upon the terms of the invoice, this Court affirmed the trial court's decision.
 {¶ 19} Here, it is clear that because Dues received invoices, which included the "2% FINANCE CHARGE PER MONTH AFTER 30 DAYS. (24% ANNUAL)" language, each month for approximately three years prior to objecting to the interest being charged. Thus, followingHamilton, the U.C.C. is applicable herein and a contract between the parties existed as to the above terms.
 {¶ 20} Dues goes on to assert that under R.C. 1343.03(A) andChampaign Landmark, Inc. v. McCullough, supra, the trial court erred in allowing an interest rate grater than the statutory interest rate. R.C. 1343.03(A) provides the following:
In cases other than those provided for in sections 1343.01 and1343.02 of the Revised Code, when money becomes due and payableupon any bond, bill, note, or other instrument of writing, uponany book account, upon any settlement between parties, upon allverbal contracts entered into, and upon all judgments, decrees,and orders of any judicial tribunal for the payment of moneyarising out of tortious conduct or a contract or othertransaction, the creditor is entitled to interest at the rate perannum determined pursuant to section 5703.47 of the Revised Code,unless a written contract provides a different rate of interestin relation to the money that becomes due and payable, in whichcase the creditor is entitled to interest at the rate provided inthat contract. Notification of the interest rate per annum shallbe provided pursuant to sections 319.19, 1901.313, 1907.202,2303.25, and 5703.47 of the Revised Code.
 {¶ 21} In Champaign Landmark, this Court adopted the trial court's opinion as its own. Champaign Landmark, supra. Based upon similar facts, this Court applied R.C. 1343.03(A) and found that a written contract existed. Id. The Champaign Landmark
case also involved a finance charge whereby the terms were 2% monthly, 24% annually, and the plaintiff argued that it could charge compounding interest. Id. In Champaign Landmark, we affirmed the trial court in finding that the "plaintiff has computed its service charge on its unpaid balance including prior service charges. This compounds interest and will amount to more than a 24% annual percentage rate on the principal balance which the Court finds was the contemplated rate." Id. Thus, in affirming the trial court's decision, this Court disallowed the plaintiff in Champaign Landmark to compute interest on a compounding basis, where the terms of the contract stated that a 24% annual percentage rate would apply.
 {¶ 22} Thus, under Champaign Landmark and R.C. 1343.03(A), the terms of the invoice also establish a written contract. As noted above, the terms of the contract, which appears on every invoice, the letter Minster Farmers claims it sent, and all Minster Farmers' pleadings, include the 2% per month and 24% annual language. Thus, following the rationale of ChampaignLandmark, we find that the trial court's allowance of compounding interest to be charged under the terms of this contract is clearly error.
 {¶ 23} Thus, we affirm the trial court's finding that a contract existed between two merchants under the U.C.C., and find that the trial court did not err in applying an interest rate above the statutory rate provided in R.C. 1343.03(A). Accordingly, assignments of error two, four, five, six, seven, nine, ten and thirteen are overruled. However, this case must be remanded to the trial court for a proper judgment determination based upon an interest rate of 24% per year. As such, assignments of error one and two are sustained.
 Assignments of Error Nos. VIII XVI {¶ 24} In the eighth assignment of error, Dues asserts that the trial court erred by not addressing Dues' affirmative defense. In the sixteenth assignment of error, Dues asserts that the trial court erred by not addressing issues raised by Dues in his trial brief. Because these assignments of error are related, we will address them together.
 {¶ 25} App.R. 16(A)(7) requires that an appellant's brief contain the following:
An argument containing the contentions of the appellant withrespect to each assignment of error presented for review and thereasons in support of the contentions, with citations to theauthorities, statutes, and parts of the record on which appellantrelies. The argument may be preceded by a summary.
 {¶ 26} Dues' brief fails to provide reasons in support, with citations to proper authority, on the above assignments of error. Furthermore, the record is completely void of any evidence to support his assertions. Accordingly, the eighth and sixteenth assignments of error are overruled.
 {¶ 27} Having found no error prejudicial to appellant in assignments of error two, four, five, six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen and sixteen, but having found error prejudicial to appellant in assignments of error one and three, we affirm in part, reverse in part, and remand the matter for further proceedings consistent with this opinion.
Judgment affirmed in part and reversed in part.
 Shaw and Cupp, JJ., concur.